UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORMA GOOD and ROBERT GOOD, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:08CV68 HEA |
| ) | |
| JENNIFER LAUTERWASSER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss, [Doc. No. 8]. Plaintiffs have not responded to the Motion. For the reasons set forth below, the Motion is granted.

Plaintiffs filed this action on January 16, 2008 alleging on information and belief that Defendant is a citizen of the State of Ohio. Defendant has not disputed the amount in controversy at this juncture. However, on July 8, 2008, Defendant filed the instant motion advising the Court and Plaintiffs that she is, and has been a citizen of the State of Missouri since 2007. Defendant filed an affidavit to that effect on July 21, 2008.

Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no

defendant is a citizen of the state where any plaintiff holds citizenship. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978). To determine jurisdiction, the Court looks to the parties' status at the lawsuit's filing. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004); *OnePoint Solutions, LLC v. Borchert* 486 F.3d 342, 346 (8th Cir. 2007).

At the time of the filing of this action, Defendant was, (and is currently), a citizen of the State of Missouri, as are Plaintiffs. As such, the Court lacks diversity jurisdiction under the provisions of 28 U.S.C. § 1332.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 8], is granted and **this matter is dismissed**.

Dated this 24th day of July, 2008.

_____
  HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE